### STONE, Collector of Customs, v. SHALLUS.

(Circuit Court, D. Maryland. March 27, 1905.)

CUSTOMS DUTIES—NONIMPORTATION—ROTTEN FRUIT IN PACKAGES.

There is not such a difference between fruit imported in bulk and that imported in packages as that section 23, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1930]. relating to the abandonment of damaged merchandise, should apply in the latter case, though not in the former. The rule that fruit separable from the whole quantity, which by decay has lost all value, should be considered as not imported, and that duty should be assessed only on the quantity arriving in good condition, applies to fruit imported in packages as well as in bulk, and without regard to whether the entire package is landed in a worthless state.

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought by William F. Stone, collector of customs at the port of Baltimore, and relate to merchandise imported by Frank H. Shallus. The merchandise consisted of oranges in barrels, in regard to which the Board of General Appraisers sustained the importer's contention that an allowance should have been made for certain portions that had decayed on the voyage of importation. The grounds of appeal appear from the letter of

instructions from the Secretary of the Treasury to the collector, which reads in part as follows:

"You report that the rotten oranges were not 10 per cent. of the invoice, and that no abandonment was filed. You therefore call attention to the case of Lawder v. Stone, 187 U. S. 281, 23 Sup. Ct. 79, 47 L. Ed. 178, recently decided in the Supreme Court of the United States, which covered certain pineapples imported in bulk, and in which it was held that such of the pineapples as had decayed and become entirely worthless on the voyage of importation should be treated as a nonimportation, and not subject to the provisions for abandonment under section 23 of the act of June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1930], which rule is clearly applicable to oranges imported in boxes and barrels when the entire package is landed in a rotten or totally worthless condition, following Shaw v. Dix (C. C.) 72 Fed. 166, dated August 29, 1903. You state that neither of the above conditions existed in the present cases, the fruit in question not being imported in bulk, but in packages, invoiced at a fixed price per package, all of which arrived and were delivered to the importer, none of the packages being entirely worthless, but many containing some rotten and worthless oranges, which the importers were granted the privilege of removing from the packages for the purpose of abandoning the same under section 23 of the act of June 10, 1890, under department's instructions of December 12, 1899 (T. D. 21,831). In reply to your request for instructions as to whether the decision of the Board of United States General Appraisers on these protests should be accepted as a final determination of this question, I have to advise you that, inasmuch as the decision of the board appears to be contrary to the principle laid down in Shaw v. Dix and Lawder v. Stone, referred to, you are hereby directed to file an application for review under section 15 of the act of June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1930], of the decision of the Board of United States General Appraisers."

John C. Rose, U. S. Atty.

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for importer.

MORRIS, District Judge. There arrived from Jamaica November 20, 1900, on the steamship Buccaneer, at the port of Baltimore, consigned to appellee, 1,034 barrels of oranges. Some of the fruit had rotted on the voyage, and the decayed fruit was injuring the sound fruit. The importer requested, and was granted, permission by the collector to sort over, in the presence of a United States customs inspector, a portion of the importation. Under this permission there were opened 215 barrels, and the contents culled over. From the 215 barrels there was taken out and thrown away all the decayed oranges. The decayed oranges so thrown away had filled 63 barrels, which was less than 10 per cent. of the whole importation. The 63 barrels were worthless slush, which had ceased to be merchandise of any kind, and the importer claimed that under the decision of the Supreme Court in Lawder v. Stone, 187 U. S. 281, 23 Sup. Ct. 79, 47 L. Ed. 178, the 63 barrels of slush constituted a shortage not dutiable because not merchandise arriving in this country. The collector did not agree with this contention, and assessed the duty at one cent per pound on the weight of the whole importation of 1,034 barrels, less the proper tare for the weight of the barrels. The collector treated it as a case of damage to the importation within the provisions of section 23, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1930], and because the abandoned portion did not amount

to 10 per cent. of the total invoice refused to make any allowance for damage. The importer duly protested, and after a hearing the Board of United States General Appraisers at New York sustained the protest, and relieved the importer from payment of duties on the 63 barrels of decayed slush which had no pecuniary value, treating it as a shortage. From the decision of the Board of Appraisers sustaining the protest of the importer the collector has taken this appeal.

The question to be determined resolves itself into the question whether or not there is such a difference between fruit imported in bulk and fruit imported in barrels or boxes as makes section 23 of the customs administrative act of June 10, 1890, applicable in the one case and not in the other. Section 23 reads as follows:

"Sec. 23. That no allowance for damage to goods, wares and merchandise imported into the United States shall hereafter be made in the estimation and liquidation of duties thereon; but the importer thereof may, within ten days after entry, abandon to the United States all or any portion of goods, wares and merchandise included in any invoice, and be relieved from the payment of the duties on the portion so abandoned; provided, that the portion so abandoned shall amount to ten per centum or over of the total value or quantity of the invoice; and the property so abandoned shall be sold by public auction, or otherwise disposed of for the account and credit of the United States under such regulations as the Secretary of the Treasury may prescribe."

Before the passage of the above-mentioned act of 1890, the law had been for a great many years as embodied in section 2927 of the Revised Statutes, to the effect that as to articles damaged during the voyage the appraisers should ascertain the percentage of damage, and it should be deducted from the original quantity or value in computing the customs duty. This was changed by the before-mentioned act of 1890, but section 2921 of the Revised Statutes [U. S. Comp. St. 1901, p. 1929] remains in force, providing that if, on opening any package, a deficiency of any article should be found on examination by the appraisers, it should be certified on the invoice, and be allowed in estimating the duties. As was pointed out by Mr. Justice White, speaking for the Supreme Court in Lawder v. Stone, except in some few specific cases ingrafted by Congress on the general allowances for damage, duties have not been exacted on goods which do not actually reach the port of importation, and goods separable from the whole quantity, which by decay have lost all value, have been considered a shortage, duty being assessed only on the quantity that did arrive. With regard to fruit which arrives in such condition that some is decayed and worthless and the rest sound, the practice of separating the good from the bad and repacking the good under customs supervision would appear to be recognized by the customs authorities and by the Treasury Department. Treasury Decision, Dec. 12, 1899, T. D. 21,831. If by this authorized repacking a quantity which is absolutely worthless decayed matter is separated from the rest of the importation, it is difficult to see any reason why the ruling in Lawder v. Stone should not be applied, and the worthless stuff treated as not having arrived as imported goods, wares, or merchandise. The portion thrown away is not damaged goods, but worthless slush, and the portion

which remains is not damaged fruit, but sound undamaged fruit. In respect to oranges the duty imposed is at one cent per pound, so that in this case the duty was not dependent upon the sound or the damaged value of the importation, but upon how much the oranges imported weighed. In such a case the ruling that the slush was not to be considered oranges, and was not to be weighed as such, would seem to be reasonable, just as was held with regard to the loss in weight of sugar by drainage in the case of Marriott v. Brune, 9 How. 619, 13 L. Ed. 282.

The question is not without difficulty, but with the presumption of correctness which attends the decisions of the Board of General Appraisers I cannot say that their decision should be reversed, and it is therefore sustained.